NO. 18-12338-DD

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff/appellee,*

v.

DARIA ERSHOVA,
    *Defendant/appellant.*

On Appeal from the United States District Court
for the Southern District of Florida

**REPLY BRIEF OF THE APPELLANT
DARIA ERSHOVA**

        **MICHAEL CARUSO**
        Federal Public Defender
        **LORI BARRIST**
        Assistant Federal Public Defender
        Attorney for Appellant Ershova
        450 S. Australian Ave. Suite 500
        West Palm Beach, FL 33401
        Telephone No. (561) 833-6288

**THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

# United States v. Daria Ershova
# Case No. 18-12338-DD

Appellant, Daria Ershova, files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Barrist, Lori, Assistant Federal Public Defender

Brown, Jared, Defense Attorney

Caruso, Michael, Federal Public Defender

Cooke, Marcia G., United States District Judge

Ershova, Daria, Defendant/Appellant

Fajardo Orshan, Ariana, United States Attorney

Ferrer, Wifredo, Former United States Attorney

Garber, Barry L., United States Magistrate Judge

Goodman, Jonathan, United States Magistrate Judge

Greenberg, Benjamin, G., Former United States Attorney

Herman, Carol, Assistant United States Attorney

Horowitz, Philip Robert, Defense Attorney

Muzyka, Vera, Co-Defendant

Nevidomy, Vladimir, Co-Defendant

Noto, Kenneth, Assistant United States Attorney

Obenauf, Jessica Kahn, Assistant United States Attorney

Otazo-Reyes, Alicia M., United States Magistrate Judge

Rodriguez, Hugo A., Defense Attorney

Rosen, Adrienne, Assistant United States Attorney

Roth, Martin L., Defense Attorney

Schultz, Anne R., Assistant United States Attorney

Shack, Brian Jay, Assistant United States Attorney

Sheinkerman, Yanina, Defense Attorney

Smachetti, Emily, Assistant United States Attorney

Sundaram, Sivashree, Assistant United States Attorney

Tapanes, Edward, Defense Attorney

Torres, Edwin G., United States Magistrate Judge

Turnoff, William C., Former United States Magistrate Judge

United States of America, Plaintiff/Appellee

Williams, Kathleen M., United States District Judge

<em>s/Lori Barrist</em><br>Lori Barrist

# TABLE OF CONTENTS

Certificate of Interested Persons ........................................................ C-1

Table of Citations ................................................................................ ii

Argument and Citations of Authority ..................................................... 1

    I.    The district court erred in denying Ms. Ershova's motion to dismiss the indictment as well as her motion for judgment of acquittal, where the indictment failed to allege a passport fraud, and the evidence adduced at trial was insufficient to establish such passport fraud, because "willfully and knowingly making a false statement in a passport application" in violation of 18 U.S.C. § 1542, does not include a notary's notarization on a parental consent form submitted in support of a minor's passport application ................................................... 1

Conclusion ........................................................................................ 11

Certificate of Compliance .................................................................. 12

Certificate of Service ......................................................................... 13

# TABLE OF CITATIONS

**CASES:**

*Liparota v. United States,*

 471 U.S. 419 (1985) ................................................................................ 6

*\*Sumpter v. Secretary of Labor,*

 763 F.3d 1292 (11th Cir. 2014) ...................................................................... 4

*United States v. Aifang Ye,*

 808 F.3d 395 (9th Cir. 2015) ..................................................................... 8-9

*United States v. Churchwell,*

 807 F.3d 107 (5th Cir. 2015) ....................................................................... 8-9

*\*United States v. Lanier,*

 520 U.S. 259 (1997) ................................................................................ 3, 6

*\*United States v. Phifer,*

 909 F.3d 372 (11th Cir. 2018) ..................................................................... 3, 6

*United States v. Steele,*

 147 F.3d 1316 (11th Cir. 1998) (*en banc*) ........................................................ 2

*\*Yates v. United States,*

 574 U.S. ___, 135 S. Ct. 1074 (2015) ............................................................ 3, 6

**STATUTORY AND OTHER AUTHORITY:**

18 U.S.C. § 2 ................................................................................................. 8

18 U.S.C. § 1016 ......................................................................................... 5

18 U.S.C. § 1018 ......................................................................................... 5

18 U.S.C. § 1542 ................................................................................. *passim*

22 C.F.R. § 51.1(g) .................................................................................. 3-4

Fla. Stat. § 117.105 .................................................................................... 5

Fla. Stat. § 117.107(9) ............................................................................... 5

*Black's Law Dictionary* (5th Ed. 1979) ..................................................... 4

# ARGUMENT AND CITATIONS OF AUTHORITY

### Issue

**The district court erred in denying Ms. Ershova's motion to dismiss the indictment, as well as her motion for judgment of acquittal, where the indictment failed to allege a passport fraud, and the evidence adduced at trial was insufficient to establish such passport fraud, because "willfully and knowingly making a false statement in a passport application" in violation of 18 U.S.C. § 1542, does not include a notary's notarization on a parental consent form submitted in support of a minor's passport application.**

The government argues that even though the allegedly false statement Ms. Ershova made was in a document accompanying the passport application, and not in the actual passport application itself, such was sufficient to violate 18 U.S.C. § 1542. (Govt. Brief at 45-46). According to the government, because both the passport application and the parental consent form Ms. Ershova notarized contained warnings that "false statements made" in the application itself or in any documents submitted in support of the application would be violations of U.S. law, Ms. Ershova was properly charged with – and convicted of – passport fraud. (Govt. Brief at 46-47).

1

Ms. Ershova has *not* argued that because her false notarization was in an accompanying document and not in the actual passport application itself, she cannot be prosecuted for, or convicted of, a passport fraud; her argument is that a notarization is not a "statement," and therefore, she cannot be prosecuted for making a false "statement" in the passport application or in any supporting documentation. (Initial Brief at 35-36,38-39).

Indeed, Ms. Ershova's notarization on the parental consent form attesting that the minor's father signed the form on the date it was notarized, while arguably false, does not clearly fall within the ambit of the passport fraud statute. The Court must construe a criminal statute narrowly and according to its plain meaning, and where "the language Congress chose to express its intent is clear, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc).* But where the statutory language is ambiguous such that there is "any doubt" about the meaning of a statute, this Court must "invoke the rule that 'ambiguity' concerning the ambit of a criminal statute should be resolved in favor of lenity."

*Yates v. United States,* 574 U.S. \_\_\_, 135 S. Ct. 1074, 1087-1088 (2015). "[T]he canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." *United States v. Lanier*, 520 U.S. 259, 266 (1997); *see also United States v. Phifer,* 909 F.3d 372, 383-384 (11th Cir. 2018) (under the rule of lenity, when a criminal law is ambiguous, this Court resolves doubts in favor of the defendant). Because Ms. Ershova's conduct is not "clearly covered" by § 1542, the rule of lenity applies.

The district court itself recognized that the statute was ambiguous, stating that "this whole case appears to represent ambiguity at every level of the process," and that there "may not be CFR or case law that gives us clear direction." (DE 235:21). As Ms. Ershova noted in her Initial Brief, while the statute limits the term "false statement" to one made in "an application for a passport," and the regulations define "passport application" to include the application form and "all documents, photographs, and statements submitted with the form or thereafter in support of the application," neither defines the term "statement." *See* Initial Brief at 37; 18 U.S.C. § 1542; 22 C.F.R. §

3

51.1(g). When a term has no statutory or administrative definition, courts look to its ordinary or natural meaning. *Sumpter v. Secretary of Labor,* 763 F.3d 1292, 1296 (11th Cir. 2014). The "ordinary meaning" of a "statement" is *not* a notarization. *See Black's Law Dictionary* (5th Ed. 1979) (defining "statement" as "an allegation; a declaration of matters of fact").

The government next argues that Ms. Ershova "fails to account for the warning" on the parental consent form, "which cautions that false statements in the accompanying materials for a United States passport 'including affidavits or other supporting documents' may violate certain statutes including § 1542." (Govt. Brief at 48). While the term "affidavit" also is not defined, the Statement of Consent Notarization distinguishes between the "affiant" and the notary. The parent is the "affiant" and it is his statements that are subject to prosecution under § 1542, not Ms. Ershova's. *See also Black's Law Dictionary* (5th Ed. 1979) (defining "affidavit" as a "written or printed declaration or statement of facts made voluntarily and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation;" distinguishing between the statement of facts

4

of the declarant and the act of the person having authority to administer such oath or affirmation). Under its "ordinary meaning," then, a notarization cannot be a "statement."

Ms. Ershova argued in her Initial Brief that her conduct – the making of a false notarization – was covered by other federal statutes and state laws. *See* 18 U.S.C. § 1016 (false acknowledgment of appearance or oath); 18 U.S.C. § 1018 (false statement in official certificate or other writing); Fla. Stat. § 117.105 (false or fraudulent acknowledgment by notary); Fla. Stat. § 117.107(9) (false statement by notary where person whose signature was notarized was not in presence of notary). (Initial Brief at 36). She also argued that according to the government's own witness, violations such as those allegedly committed by Ms. Ershova are typically treated as administrative matters warranting a civil infraction, a reprimand, or loss of the notary license. (Initial Brief at 41).

In response, the government argues only that "what charge to bring before the grand jury rests in the prosecutor's discretion" and that "the Judiciary cannot interfere with a prosecutor's exercise of charging discretion except in narrow circumstances where it is necessary to do so

5

in order to discharge the judicial function of interpreting and applying the Constitution." (Govt. Brief at 47). Yet, the government ignores *United States v. Lanier*, 520 U.S. 259 (1997), cited in the Initial Brief at 41-42, where the Supreme Court held that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *Id.* at 266. And that is to insure that a defendant is provided "fair warning" of what constitutes criminal conduct and in so doing, "strikes the appropriate balance between the legislature, the prosecutor and the court in defining criminal liability." *Yates,* 135 S. Ct. at 1088 (citing *Liparota v. United States,* 471 U.S. 419, 427 (1985)); *see also Phifer,* 909 F.3d at 383 (the separation of powers doctrine requires legislatures, not courts, to define crimes).

Because, in this case, the prosecutor, defense counsel, and even the trial court acknowledged that they could not find a single case in which a notary was prosecuted under § 1542 (DE 235:4-5), this Court should find that Ms. Ershova's false notarization was not a "false statement" within the meaning of § 1542. It should further find that the

6

district court erred in denying Ms. Ershova's motion to dismiss the indictment.

Because Ms. Ershova's notarization on the parental consent form was not a "statement," the district court should have granted her motion for judgment of acquittal as well. In order to establish a violation of passport fraud, it must be established that the defendant (1) willfully and knowingly; (2) with intent to secure the issuance of a passport for another; (3) made a false statement in a passport application "contrary to the laws regulating the issuance of passports." *See* 18 U.S.C. § 1542. So, even if Ms. Ershova knowingly and willfully, and with intent to secure the issuance of a passport for another, made a false *notarization* on the parental consent form, because a notarization is not a statement, the crime of passport fraud was not proven. Nor, as she argued in her Initial Brief at 44, was her conduct "contrary to the laws regulating the issuance of passports," although it may have been contrary to the laws regarding the conduct of notaries.

In response, the government argues that Ms. Ershova was charged with conspiring with Mr. Nevidomy and Ms. Muzyka to "generate these passport documents," and the jury could "validly credit

7

Nevidomy's testimony." (Govt. Brief at 50). However, the jury acquitted Ms. Ershova of the conspiracy count. (DE 232:6). Finally, the government argues that because Ms. Ershova was charged with aiding and abetting in violation of 18 U.S.C. § 2, the jury "could have found her guilty based upon her role in assisting Nevidomy and Muzyka" in their passport fraud. (Govt. Brief at 54).

But, neither of the cases cited by the government deals with a notary's certification on the parental consent form. *See United States v. Aifang Ye,* 808 F.3d 395 (9th Cir. 2015) (child's mother guilty of aiding and abetting her brother-in-law's making of false statement on parental consent form where she had her brother-in-law sign the parental consent form in place of her husband, using her husband's passport and representing that he was the child's father); *United States v. Churchwell,* 807 F.3d 107 (5th Cir. 2015) (passport agent guilty of aiding and abetting making of false statements on two passport applications, where he accepted the passport applications, knowing that the fathers were not present and had not signed the forms giving their consent, that both forms had been signed in his presence by someone other than the fathers, and in one case, he had accepted a torn piece of

8

paper with no photograph as proof of the father's identification, then filled out the missing information on the application himself).

Because Ms. Ershova did not present any false identification, accept any false documents, or fill out any information on the forms, "the same rationale" should *not* be applied to her. (Govt. Brief at 56). In instructing the jury on aiding and abetting, the district court stated:

> [f]inding that a defendant is criminally responsible for the acts of another person requires proof that the defendant intentionally associated with or participated in the crime; not just proof that the defendant was simply present at the scene of the crime or knew about it. In other words, you must find that the defendant was a willful participant and not merely a knowing spectator.

(DE 231:110).

In *Aifang Ye,* the mother knew her child's father had not signed the parental consent form, *and* gave her brother-in-law the father's passport to use as proof of identity, thereby "willfully participating" in her brother-in-law's "statement" that he was the father. Similarly, in *Churchwell,* the passport agent knew that the individuals signing the parental consent forms were not the fathers, had accepted false identification from them, *and* then actually "participated" in the passport fraud by making written "statements" on the application.

9

While both the child's mother and the passport agent intentionally joined with others to commit the crime and willfully participated in it, Ms. Ershova did not. She simply notarized the fathers' signatures on the "Statement of Consent Notarization," on dates other than when they were signed. As such, she was not a "willful participant" in Nevidomy and Muzyka's passport fraud.

Because a notarization is not a statement, the government did not prove that Ms. Ershova committed a passport fraud. Nor did it prove that she aided or abetted Nevidomy and Muzyka in their passport fraud. Accordingly, the district court should have granted her motion for judgment of acquittal.

## CONCLUSION

Based upon the foregoing argument and citations of authority, as well as that set forth in the Initial Brief, the Court should vacate Ms. Ershova's convictions and order that this case be dismissed.

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

*s/Lori Barrist*
Lori Barrist
Assistant Federal Public Defender
450 S. Australian Ave.
Suite 500
West Palm Beach, FL 33401
Telephone No. (561) 833-6288

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this reply brief complies with the type-volume limitation and typeface requirements of Fed. R. App. P. 32(a)(7)(B), because it contains 1,987 words, excluding the parts of the reply brief exempted by Fed. R. App. P. 32(f).

This reply brief also complies with the requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Century Schoolbook font.

*s/Lori Barrist*
Lori Barrist
Attorney for Ershova
Dated: July 29, 2019

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 29th day of July 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and sent seven copies to the Clerk of the Court via third party commercial carrier for delivery within three days. I also certify that the foregoing document is being served this day via CM/ECF on Emily M. Smachetti, and Carol Herman, United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132.

*s/ Lori Barrist*
Lori Barrist
